IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARCUS FIELDS                                                                                    PLAINTIFF

v.                                      Civil No. 2:20-CV-02013

BARRETT NIXON MILAN (Deputy                                                              DEFENDANTS
Prosecutor, Sebastian County), OTTO FRY
(Attorney, Conway), GUNNER DELAY
(Attorney, Fort Smith)

**OPINION AND ORDER**

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff filed his Complaint in the Eastern District of Arkansas on December 20, 2019. (ECF No. 2). It was transferred to this District on February 11, 2020. (ECF No. 5). Plaintiff alleges his constitutional rights were violated by Defendants on January 24, 2010, and April 15, 2011. (ECF No. 1 at 4-5). He proceeds against Defendants in their official capacity. (*Id*. at 2). He seeks reimbursement for the bond revoked on April 14, 2011, an evidentiary hearing, and appointed counsel. (*Id*. at 6).

**II. LEGAL STANDARD**

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff's case is time-barred. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987) (§ 1981 case); *Wilson v. Garcia*, 471 U.S. 261, 268 (1985) (§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996) (§ 1985 case). In Arkansas, this is the three-year personal injury statute of limitations, Ark. Code Ann. § 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any § 1983 claims based on events that occurred in 2010 and 2011 are barred by the statute of limitations.

## IV.  CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.  The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g).  I therefore direct the clerk to place a § 1915(g) strike flag on the case.

IT IS SO ORDERED this 12th day of February 2020.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE